# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Darrell Scott Fisher, West Greenville Summary Court.

Appellate Case No. 2025-002238

Opinion No. 28321
Submitted February 20, 2026 – Filed March 18, 2026

## DEFINITE SUSPENSION

Disciplinary Counsel William M. Blitch, Jr., and
Assistant Disciplinary Counsel Kristina Jones Catoe,
both of Columbia, for the Office of Disciplinary Counsel.

Darrell Scott Fisher, of Greenville, pro se.

**PER CURIAM:**   In this judicial disciplinary matter, Respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Judicial Disciplinary Enforcement contained in Rule 502 of the South Carolina Appellate Court Rules (SCACR).  In the Agreement, Respondent admits misconduct and consents to the imposition of a confidential admonition, a public reprimand, or a definite suspension of up to thirty days.  We accept the Agreement and suspend Respondent from office for thirty days.  The facts, as set forth in the Agreement, are as follows.

## I.

On June 24, 2024, Respondent conducted a hearing on a complaint and motion for a restraining order.  During the hearing, Respondent referred to the defendant by his first name on numerous occasions.  At the thirty-eight-minute mark of the hearing, Respondent admitted to knowing the defendant, stating, "I've known that

man for thirty years."  Respondent did not make a ruling on the plaintiff's motion, stating that the motion would remain active for six months.  At the conclusion of the hearing, Respondent gave the plaintiff instructions in reference to any actions involving the defendant, stating "don't hesitate to come up here and ask for me . . . .  You let them know who you are and that I heard a case involving you involving a restraining order, go get me and we'll talk."

At the fifty-two-minute mark in the hearing, Respondent released the plaintiff and her witnesses.  Respondent then began a conversation with the defendant.  Respondent stated, "[Defendant], you have got to stop. I had everything I needed to issue a restraining order. I don't want to do it. You have to stop."  When the defendant mentioned that he might appear before Respondent in the future for a similar issue involving a different plaintiff, Respondent ended the recording.

Respondent acknowledges that his conversation with the defendant constitutes an ex parte communication as the discussion was directly related to a case pending before the court and was held outside the presence of the plaintiff in the case.

## II.

Respondent acknowledges that his conduct violates the following provisions of the Code of Judicial Conduct, Rule 501, SCACR: Canon 1 (requiring a judge to uphold the integrity of the judiciary); Canon 1A (requiring a judge to maintain and personally observe high standards of conduct); Canon 2 (requiring a judge to avoid impropriety and the appearance of impropriety in all activities); Canon 2A (requiring a judge to act at all times in a manner that promotes public confidence in the integrity of the judiciary); Canon 3 (requiring a judge to perform the duties of judicial office impartially); Canon 3B(5) (requiring a judge to perform judicial duties without bias or prejudice); Canon 3B(7) (prohibiting a judge from initiating, permitting or considering ex parte communications or other communications made to the judge outside the presence of the parties concerning a pending or impending proceeding); Canon 3E(1) (requiring a judge to disqualify himself in a proceeding in which his impartiality might reasonably be questioned); and Canon 3F (requiring a judge to follow a specified remittal procedure if he wishes to provide the parties an opportunity to proceed without a delay if they wish to waive the disqualification).  Respondent also admits that his misconduct constitutes grounds for discipline under Rule 7(a)(1), RJDE, Rule 502, SCACR (providing a violation of the Code of Judicial Conduct is a ground for discipline).

As noted, Respondent agrees to the imposition of a confidential admonition, a public reprimand, or a definite suspension of up to thirty days as a sanction for his misconduct.  Respondent's disciplinary history includes a 2008 letter of caution citing Canons 2A, 3, 3B(2), and 3B(7).  *See* Rule 2(q), RJDE, Rule 502, SCACR (providing a letter of caution may be considered in a subsequent disciplinary proceeding against the judge if the caution or warning contained therein is relevant to the misconduct in the second proceedings).

In mitigation, Respondent submitted a letter expressing remorse and emphasizing his forty-three years of service as a judge in the municipal and summary courts of Greenville County.  Respondent explains that he plans to retire in 2026 and asks the Court for leniency in imposing a sanction.

### III.

We find Respondent's misconduct warrants a suspension from judicial duties.  *See In re Stocker*, 362 S.C. 486, 490-96, 608 S.E.2d 865, 867-70 (2005) (imposing a thirty-day definite suspension for engaging in biased conduct, engaging in ex parte communications, and failing to remain faithful to the law).  We therefore accept the Agreement for Discipline by Consent and suspend Respondent from his judicial duties for thirty days from the date of this opinion.  Within thirty days, Respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Judicial Conduct.

**DEFINITE SUSPENSION.**

**KITTREDGE, C.J., FEW, JAMES, HILL and VERDIN, JJ., concur.**